1  **Prepared By:**
   **Douglas Blickhan**
2  **45331 Via Jaca**
   **Temecula, CA 92592**
3  **949-874-1686**

4  *Defendant pro se*

5

6               UNITED STATES DISTRICT COURT

7               WESTERN DISTRICT OF NEW YORK

8

9

10  In Re:                          |  Main Bankruptcy Case No.
                                    |  6:19-bk-18367
11  AFFORDABLE AUTO REPAIR,         |  (US Bankruptcy Court CDCA)
    INC.
12

13                                  |  **Chapter 11**
                  Debtor.
14
                                    |  **District Court Case No.**
15
    MR. ADVANCE LLC,
16

17  Plaintiff,                      |  **NOTICE OF REMOVAL**

18  vs.

19                                  |  (Defendant intends to remove the
    AFFORDABLE AUTO REPAIR,         |  Complaint in the State Court to the
20  INC. D/B/A AFFORDABLE AUTO      |  United States District Court for the
    REPAIR, INC, DOUGLAS            |  Western District of New York, and then
21  EUGENE BLICKHAN,                |  Transfer the case to the Central
                                    |  District of California for administration
22                                  |  within the Chapter 11 Proceedings)

23

24  Defendants.

19  CV1440✓

1

1

2      Pursuant to 28 U.S.C. §§ 1452, DOUGLAS EUGENE BLICKHAN

3   (hereinafter "Blickhan"), co-defendant with Affordable Auto Repair, Inc., the

4   Debtor in the above captioned Bankruptcy Case (the "Affordable Auto

5

6   Repair Bankruptcy Case"), files this Notice of Removal of the entire action

7   as designated herein from the Supreme Court for the State of New York for

8   the County of Erie, to the United States District Court for the Western

9   District of New York.

10      In support of this Notice of Removal, Blickhan states as follows:

11

12

13   **CASE BACKGROUND AND FOUNDATION FOR REMOVAL**

14      This Notice of Removal removes the entire action entitled MR.

15   ADVANCE LLC, vs. AFFORDABLE AUTO REPAIR, INC. D/B/A

16   AFFORDABLE AUTO REPAIR, INC, DOUGLAS EUGENE BLICKHAN

17   (hereinafter "the Action") which is pending in the Supreme Court for the

18   State of New York for the County of Erie as Index No. 811970/2019 where

19

20   it was originally filed to the United States District Court for the Western

21   District of New York as the conduit Court in route to its final transferred

22   destination in the Central District of California.

23

24

**A. Name and Address of the Court where the Action is pending:**

Supreme Court of New York for the County of Erie
Erie County Court Building
25 Delaware Avenue
Buffalo, NY 14202

**B. Name and Address for the Counsel for each Party in the Action:**

Steven Zakharyayev, Esq.
1430 Broadway, Ste 402
New York, NY 10018

**C. The Removal of the Action is based upon the following facts:**

1.      On 23 September 2019, Affordable Auto Repair, Inc., Debtor in the above captioned Chapter 11 case (also hereinafter the "Debtor") filed a voluntary Chapter 11 petition under Title 11 of the United States Code (the "Bankruptcy Code"), commencing a bankruptcy case before the United States Bankruptcy Court for the Central District of California, Riverside Division (the "Bankruptcy Court"), designated as Case No. 6:19-bk-18367-MW.

2.      On or about 17 September 2019, Mr. Advance LLC (hereinafter "the State Court Plaintiff") filed the Complaint initiating the Action in State Court (hereinafter "the State Court case").  The State Court case seeks to recover against defendants Affordable Auto Repair, Inc. d/b/a Affordable

1   Auto Report, Inc. and Douglas Eugene Blickhan (hereinafter collectively

2   "the State Court Defendants") for damages related to an alleged breach of

3   contract involving a disputed loan made to Debtor. A copy of the complete

4   Complaint is attached hereto as Exhibit A.

5

6       3.      The State Court Plaintiff was scheduled as a disputed creditor

7   in the Debtor's Bankruptcy Case. The State Court case involves an alleged

8   contract that is unlawful in the State of California and is therefore

9   unenforceable against both the Debtor and Blickhan.

10

11

## JURISDICTIONAL ISSUES AND CORE DESIGNATION

12

13

14      4.      The entire State Court case is being removed.

15      5.      This Court has original jurisdiction over the removed State

16  Court case pursuant to 28 U.S.C. § 1334 because said case arises in or

17  are related to a case under Title 11 of the United States Code. Further,

18  these removed causes of action are ones that may be removed to this

19

20  Court pursuant to 28 U.S.C. § 1452 because they are a civil action upon

21  which the court has jurisdiction under 28 U.S.C. § 1334.

22      6.      All claims raised in the Complaint case are either core

23  proceedings under 28 U.S.C. § 157(b)(2)(B) and (K) or non-core claims

24

1   that arise under or are related to the underlying bankruptcy case, and

2   therefore the Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. §

3   157(a).  If it is determined that the removed causes of action are noncore,

4   then in that event Blickhan consents to the bankruptcy court's entry of final

5   orders or judgments from the United States Bankruptcy Court for the

6

7   Central District of California.

8       7.      Venue is proper in this Court because the Action is pending in

9   the jurisdiction of this Court. See 28 U.S.C. § 1441(a).  Upon removal, the

10  Civil Action will be transferred to the Central District of California.

11

12

13                          **OTHER ISSUES**

14      8.      Blickhan received the summons Complaint on 30 September

15  2019.  This Notice of Removal is timely filed within 30 days of service of the

16  initial pleadings of the removed action upon Blickhan. See 28 U.S.C. §

17  1446(b).

18

19      9.      This Notice of Removal has been served on counsel for

20  Plaintiff, Mr. Steven Zakharyayev, Esq.  A Notice of Filing of Notice of

21  Removal to Federal (Bankruptcy) Court (attached as Exhibit B) will be filed

22  in the State Court, as soon as this Notice of Removal has been filed in this

23  Court.

24

**CONCLUSION**

10.    Because the causes of action asserted in the Action arise in and are related to a case under Title 11 of the United States Code, this Court has jurisdiction pursuant to 28 U.S.C. § 1334. Blickhan is a named party in the Complaint and is therefore entitled to remove this case to this Court pursuant to 28 U.S.C. § 1452.  Finally, since the causes of action asserted in the Action involve matters that are designated as core proceedings under 28 U.S.C. § 157, it should ultimately be transferred to the United States Bankruptcy Court for the Central District of California.

Wherefore, Blickhan requests that the Action now pending before the State Court in be removed to this Court and thereafter by subsequent motion be transferred to the Central District of California.

This 25 October 2019.

_____
Douglas Blickhan

6

1

2                                EXHIBIT A

3

4                        INITIAL PRIMARY PLEADINGS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

FILED: ERIE COUNTY CLERK 09/17/2019 01:38 PM

NYSCEF DOC. NO. 1

INDEX NO. 811970/2019

RECEIVED NYSCEF: 09/17/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

MR. ADVANCE LLC,

               Plaintiff,

-against-

AFFORDABLE AUTO REPAIR, INC D/B/A
AFFORDABLE AUTO REPAIR, INC
and DOUGLAS EUGENE BLICKHAN,

               Defendant(s).

Index No. _____

SUMMONS

---

To the above-named Defendant(s):

YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorney an answer to

the complaint in this action within twenty days after the service of this summons, exclusive of the day of

service, or within thirty days after service is complete if this summons is not personally delivered to you

within the State of New York. In case of your failure to answer, judgment will be taken against you by

default for the relief demanded in the annexed complaint.

The basis of the venue is designated in the Agreement between the parties.

Dated: September 17, 2019
New York, NY

                             By: */s/ Steven Zakharyayev*
                             Steven Zakharyayev, Esq.
                             1430 Broadway, Suite 402
                             New York, NY 10018
                             (201) 716-0681
                             *Attorneys for Plaintiff*

TO DEFENDANT(S):

AFFORDABLE AUTO REPAIR, INC D/B/A
AFFORDABLE AUTO REPAIR, INC
41604 DATE ST SUITE D MURRIETA, CA
92562

DOUGLAS EUGENE BLICKHAN
45331 VIA JACA SUITE 4 TEMECULA, CA
92592

1 of 4

PAGE 04/05    AFFORDABLE AUTO    19514619067    09:10AM 10/21/2019

FILED: ERIE COUNTY CLERK 09/17/2019 01:38 PM
NYSCEF DOC. NO. 1

INDEX NO. 811970/2019
RECEIVED NYSCEF: 09/17/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE**

---------------------------------------------------------------X

MR. ADVANCE LLC

                 Plaintiff,

           -against-

AFFORDABLE AUTO REPAIR, INC D/B/A
AFFORDABLE AUTO REPAIR, INC
and DOUGLAS EUGENE BLICKHAN,

                 Defendant(s).

---------------------------------------------------------------X

Index No. _____

**COMPLAINT**

Plaintiff, MR. ADVANCE LLC, by its attorney Steven Zakharyayev, Esq. as and for its complaint against Defendant(s) herein, alleges as follows:

1.  Plaintiff MR. ADVANCE LLC ("Plaintiff") is a New York limited liability company engaged in the receivable financing business.

2.  Upon information and belief, AFFORDABLE AUTO REPAIR, INC D/B/A AFFORDABLE AUTO REPAIR, INC ("Defendant-Seller") is a domestic limited liability company.

3.  Defendant DOUGLAS EUGENE BLICKHAN ("Defendant-Guarantor") is an individual residing in the State of California and upon information and belief is a principal of defendant-seller.

4.  Pursuant to a receivable purchase agreement and personal guaranty dated 8/21/2019 (collectively "Agreement"), Plaintiff purchased from Defendant-Seller $44,700.00 ("Purchased Amount") of each future account and payment obligation owing to defendant-seller from its customers as they are generated in the course of Defendant-Seller's business ("Future Receivables"). A true and correct copy of the Agreement signed by the parties herein is annexed hereto as "Exhibit A"

5.  The Agreement contains the parties' express consent to the jurisdiction of the courts located in the State of New York.

2 of 4

FILED: ERIE COUNTY CLERK 09/17/2019 01:38 PM

NYSCEF DOC. NO. 1

INDEX NO. 811970/2019

RECEIVED NYSCEF: 09/17/2019.

6. Pursuant to the Agreement, Plaintiff was authorized to collect via an ACH electronic debit of the Future Receivables, until such time that Plaintiff collected the total amount of purchased receivables.

7. Critical to facilitating this transaction, the Agreement contains Defendant-Seller's express covenant not to revoke its ACH authorization to Plaintiff or otherwise take any measure to interfere with Plaintiff's ability to collect the Future Receivables.

8. Contrary to Defendant-Seller's express covenant set forth above, Defendant-Seller materially breached the terms of the Agreement on 9/16/2019 by changing the designated bank account without Plaintiff's authorization, by placing a stop payment on Plaintiff's debits to the account or by otherwise taking measures to interfere with Plaintiff's ability to collect the Future Receivables.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract as to Defendant-Seller)

9. The Agreement provides that Defendant-Seller shall be in default of the Agreement if, *inter alia*, it breaches any covenants contained therein or makes any representation or warranty proving to have been incorrect, false or misleading in any material respect.

10. As a result of Defendant-Seller's breach of the provisions set forth above, Defendant-Seller has defaulted under the Agreement.

11. Pursuant to the Agreement, in the event of Defendant-Seller's default, Plaintiff may declare the total amount of receivables purchased and not delivered as immediately due and owing to Plaintiff, including Plaintiff's attorney's fees. Plaintiff now has a balance of $33,844.31 in undelivered Future Receivables.

12. Subtracting the amount of receivables Plaintiff has previously collected from Defendant-Seller under the Agreement from the total Future Receivables purchased by Plaintiff, there is presently due and owing from Defendant-Seller to Plaintiff the amount of $33,844.31 with interest thereon from 9/16/2019.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Guaranty as to Defendant-Guarantor)

13. The Agreement contains Defendant-Guarantor's separately executed and unconditional

PAGE 02/05                    AFFORDABLE AUTO              19514619067    09:10AM 10/21/2019

FILED: ERIE COUNTY CLERK 09/17/2019 01:38 PM          INDEX NO. 811970/2019

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/17/2019

guarantee of payment in the event of default under the Agreement by Defendant-Seller

("Guaranty").

14. As a result of Defendant-Seller's breach and default under the Agreement as set forth above

and pursuant to the Guaranty, there is presently due and owing from Defendant-Guarantor

to Plaintiff the amount of $33,844.31, with interest thereon from 9/16/2019.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Attorney's Fees)

15. The Agreement provides that defendants shall pay Plaintiff for its costs and expenses

incurred in enforcing the terms of the Agreement, including all Plaintiff's reasonable

attorney's fees.

16. Accordingly, defendants are liable to pay Plaintiff for its costs and expenses incurred in

enforcing the terms of the Agreement, including all Plaintiff's reasonable attorney's fees.


**WHEREFORE**, Plaintiff demands judgment against defendants on the respective causes of

action in the amounts set forth above, plus interest thereon from 9/16/2019 and reasonable

attorney's fees, and for such other and further relief as this Court may deem just and proper.

Dated: September 17, 2019
       New York, NY

                                          By:/s/ Steven Zakharyayev
                                          STEVEN ZAKHARYAYEV, ESQ
                                          1430 Broadway, Suite 402
                                          New York, NY 10018
                                          (201) 716-0681
                                          Attorneys for Plaintiff

PAGE  01/05          AFFORDABLE AUTO          19514619067     09:10AM  10/21/2019

STATE OF NEW YORK
COUNTY OF ERIE

|  |  |
|---|---|
| MERCHANT ADVANCE, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>TAHOE SKI TRIPS . D/B/A TAHOE SKI TRIPS,     AMANDA     RUTHANN BLAKEMAN,<br><br>         Defendant, | **NOTICE   OF   COMMENCEMENT   OF ACTION   SUBJECT   TO   MANDATORY ELECTRONIC FILING**<br><br>Index No: 812060/2019<br><br>Assigned Judge: |

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646- 386-3033 or efile@courts.state.ny.us.

Dated: September 26, 2019

TAHOE SKI TRIPS D/B/A TAHOE SKI TRIPS, 3377 DEER VALLEY RD # 183 ANTIOCH, CA 94531

AMANDA RUTHANN BLAKEMAN, 607 BURWOOD WAY ANTIOCH, CA 94509

/s/ Steven Zakharyayev, Esq.
The Law Offices of Steven Zakharyayev, LLC
4400 Broadway St, Suite 4B5
NEW YORK, NY 10040
LegalDepartment@EmpireRecover.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

EXHIBIT B

NOTICE OF REMOVAL

1

## **PROOF OF SERVICE**

2

Fed. R. Civ. P. Rule 5

3

4

The attached document has been served on the parties below, with their means of service, as follows:

5

6

Party Served, with address:   *Steven Zakharyayev, Esq.*

7
*1430 Broadway, Ste 402*
*New York, NY 10018*

8

Day and Manner of Service:   Mail, 25 October 2019

9

10

Title of Document Served:   NOTICE OF REMOVAL

11

Method of Service employed (e.g.,   United States Mail
12
personal, substituted, mail):

13

14

Executed on Friday, October 25, 2019, at Santa Ana, California.

15

16

Douglas Blickhan

17

18

19

20

21

22

23

24

19     CV1440 v

JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MR. ADVANCE LLC

**(b)** County of Residence of First Listed Plaintiff    Erie, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven Zakharyayev, Esq.
1430 Broadway, Ste 402
New York, NY 10018   /

## DEFENDANTS

AFFORDABLE AUTO REPAIR, INC. D/B/A AFFORDABLE AUTO REPAIR, INC, DOUGLAS EUGENE BLICKHAN

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Douglas Blickhan  (Pro se)
45331 Via Jaca
Temecula, CA 92592    / 949-874-1686

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ☒ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 11 of the United States Code; Removal of action related to Bankruptcy case pursuant to 28 USC 1452

Brief description of cause:
Removal of state court breach of contract action related to Chapter 11 Bankruptcy case

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
33,844.31

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
10/25/2019

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____